WILLIAM LOESCHIGH *and others v.* NATHAN BLUN *and others.*

Where property is given in exchange for notes, void in their inception for usury, the property so given in exchange may be recovered, and the exchange rescinded, on the discovery of the nature of the notes; and an action will lie for the conversion of the property, notwithstanding the person giving the notes, acted in good faith, and without knowledge of their character.

Loeschigh v. Blun.

THIS action was brought to recover the value of two promissory notes of defendants', and a bank check of plaintiff's, of the value of two thousand and seventy-four dollars and forty-two cents received by the defendants from the plaintiffs. The defendants, under a general denial, set up that they had given in exchange for such notes and checks, the note of James De Gray & Co., purchased by them from third parties, in the regular course of business. The plaintiffs, in rebuttal, proved that such note was an accomodation note, and that the parties for whose accommodation the same was made, had sold it for a usurious discount. Some attempt was made to show a knowlege of this fact in Nathan Blun, who was the active member of his firm in the transaction, and had a long negotiation with the plaintiff in relation to the exchange.

The defendants offered evidence to the effect that the plaintiffs had not relied on defendants' statements, but had inquired of the makers of the note as to its validity, and were therefore now estopped from denying it.

The referee, to whom the case was referred, found substantially, that the note was, on the proposal of defendants, exchanged for the indebtedness of defendants, and a check of plaintiff; that the note was an accommodation note, and sold at a usurious discount; that the makers were insolvent before the delivery of the note by defendants to plaintiffs; that neither plaintiffs nor defendants were aware, at the time of the exchange, of such insolvency, or the usuriousness of the note, but that Blun had represented the note to be a regular business note; that these facts were discovered by plaintiffs two days after the transaction, and a tender of such note and a demand for the exchanged property, made by the plaintiffs on the same day, and that the exchanged property, viz: the two notes of defendants, and the check of the plaintiffs, were worth two thousand and seventy-four dollars and forty-two cents; that the plaintiffs were entitled to rescind the exchange, both for the insolvency of the makers of the note, and because the note was void; and that the amount of two thousand and seventy-four dollars and forty-two cents, with interest, was due to the plaintiffs.

Various exceptions were taken in the course of the trial, and to the referee's report. Judgment was entered in accordance

with the repo
term of this (

*Shea & Ri*(

I. The a
regular busi:
(1.) It was n
note to which
merely sough
opinion. His
lieved, and h;
v. *Creasy*, 2
§ 14; *Mason*
(2.) The pla'
opinion of Mr
tion the origi
themselves ag
source. *Clap*
on Vendors, 5.
252, 253. (3.
the makers fr
usury, if any
73. Therefor
opinion of it.
upon a mere
also shows th
*Chandelor v.*
*Goddard*, 13
p. 191; *Gal*(

II. The re:
endorsers of tl
on the 4th of
tainable, al·
acted in g·
and transfer.
*Lyon*, 3 E. D
Rep. 589.

with the report, and the defendant appealed to the general term of this Court.

*Shea & Richardson* for the appellants.

I. The answer made by Mr. Blun, that it was a regular business note, will not sustain the judgment. (1.) It was made to an inquiry about the consideration of a note to which he was not a party, and such inquiry, therefore, merely sought to elicit whatever information he had, and his opinion. His reply was in good faith, and what he himself believed, and had reason to believe, to be the truth. *Haycraft* v. *Creasy*, 2 East's Rep. 92; 1 Sugden on Vendors, 5, § 14; *Mason* v. *Crosby*, 1 Woodbury and Minot, 352, 353. (2.) The plaintiffs did not permit themselves to trust to the opinion of Mr. Blun, but sent to James De Gray & Co. to question the original source of the note, with a view to protect themselves against any equitable or personal defence from that source. *Clapham* v. *Shillito*, 7 Beavan's Rep. 146; 1 Sugden on Vendors, 5, p. 14; *Mason* v. *Crosby*, 1 Woodbury and Minot, 252, 253. (3.) Mr. De Gray's answer to that enquiry will estop the makers from availing themselves of the personal defence of usury, if any there is. *Carpenter* v. *Stilwell*, 1 Kernan's Rep. 78. Therefore, in legal effect, the note comes up to Mr. Blun's opinion of it. (4.) The plaintiffs cannot recover in this action upon a mere representation by the defendant Blun, unless he also shows that the representation was bottomed in fraud. *Chandelor* v. *Lopus*, 1 Smith's Leading Cases, p. 77; *Lord* v. *Goddard*, 13 Howard U. S. Rep. 211; 1 Story on Eq. Jurispr. p. 191; *Gallagher* v. *Brunnel*, 6 Cowen's Rep. 352, 353.

II. The referee is in error in finding that the makers and endorsers of the note having been insolvent, and having failed on the 4th of September, 1857, therefore this action is maintainable, although the defendant, Blun, and his co-defendants, acted in good faith. This exchange is an executed contract, and transferred and vested a present title. *Heidenheimer* v. *Lyon*, 3 E. D. Smith's R. 56; *Des Arts* v. *Legget*, 16 New York Rep. 589.

III. The last ground upon which the referee places his report is erroneous. That the note being usurious and "void," in its inception and in the hands of the said Charles M. Rose, the plaintiffs had a right to rescind the transfer and transaction, and to recover back the two notes and check. (1.) The case does not come within the principle of implied warranty of title. The usury merely concerns the consideration of the note, and even mere breach of warranty of title, in the absence of fraud, does not entitle the plaintiffs to rescind this transfer. 1 Smith's Leading Cases, 237; *Muller* v. *Eno*, 4 Kernan's Reps. 601; *Voorhies* v. *Earl*, 2 Hill, 285; *Cary* v. *Gruman*, 4 Idem, 625; *Case* v. *Hall*, 24 Wendell's R. 103. (2.) Where the transfer was as in this case, by mere delivery of the note, without indorsement, made in exchange for other bills, "no right of action whatever arises against the defendants, in case the note turns out to be of no value." Chitty on Bills, 247; Story on Promissory Notes, p. 118. The case of forged or stolen property is governed by a different principle. *Canal Bank* v. *Bank of Albany*, 1 Hill, 287. Usury is merely a personal defence, and only voidable. *Scroeppel* v. *Corning*, 10 Barb. 579; *Murray* v. *Johnson*, 5 Selden's R. 73. As also is the case "where a man assigns a note for any sufficient consideration, knowing it to be of no value, and the vendee be not aware of the fact; in these cases, the property parted with can be recovered by the vendee. Chitty on Bills, 247.

*Augustus F. Smith* for the respondents.

I. The representations made by the defendant Blun, that the note of De Gray & Co. was a regular business note, proving to be untrue, the plaintiffs were entitled to rescind the exchange. (1.) If he knew the representations to be false, the plaintiffs are entitled to rescind for fraud in fact. (2.) If he knew nothing either way, it was a fraud to make a representation of a fact of which he knew nothing. *Guloupeau* v. *Ketchum*, 3 E. D. Smith, 175; Story on Sales, 165, 179; 1 Story Eq. Jur. 193, § 191, 194; 2 Kent, 485, note 1, and cases cited.

II. If the parties had made the exchange, both supposing the note of De Gray & Co. to be a valid note, and it proved to be void by statute, the plaintiffs could rescind the exchange

Loeschigh v. Blun.

upon discovering that the note was void. This presents the common case of a mistake of fact. *Martin* v. *McCormick*, 4 Selden, 331; Story's Eq. Jur. 140, 141, 142, 143; *Wheadon* v. *Olds*, 20 Wend. 174; see also, *Benedict* v. *Field*, 16 N. Y. 595; Story on Contracts, 102 to 110; Chitty on Bills, 245.

III. The defendant, Blun, also represented, in substance, that the note was a good note. The fact was that both makers and indorsers had failed, and were insolvent.

The same considerations apply to these facts that are stated under the first point.

By the Court.—Daly, F. J.—This case is not distinguishable, in principle, from *Galoupeau* v. *Ketchum*, 3 E. D. Smith, 175. The referee has found that the note was usurious and void in its inception; that the defendant Blun, in answer to the plaintiffs' inquiry, declared it to be a regular business note, and that neither Blun nor his co-defendants had any knowledge, when this representation was made, whether it was a business note or not, and this finding is sustained by the evidence.

The plaintiffs having, upon this representation, exchanged their check and two notes for a note that was absolutely void, were, when they afterwards discovered the representation to be false, entitled to have their check and the two notes returned to them, upon tendering back the note they had received in exchange. It is wholly immaterial whether the defendant believed it to be a business note or not, or whether they knew the real character of the note; for if, in the first place, both Blun and the plaintiffs acted, in making the exchange, upon the assumption that the note, which never had any validity at all as an obligation, was a valid business note, the plaintiffs, upon discovering the mutual mistake, had a right to rescind the contract of exchange; (*Martin* v. *McCormick*, 4 Seld. 331; *Hitchcock* v. *Giddings*, 4 Price, 135; *Bennett* v. *Judson*, 21 N. Y. Repts. 238; 1 Story Eq. Juris. § 193), or if, in the second place, Blun knew the real character of the note, then he was guilty of a fraud in making the representation which he did, and the plaintiff, upon that ground, would be entitled to rescind the exchange. The case of *Haycraft* v. *Cresy* (2 East. 92), upon which the defendants rely, was an action to recover damages for "a false, fraudulent and deceit-

ful representation; and all that need be said respecting it is that the decision was put upon the ground that the statement of the defendant, that he knew of his own knowledge that the person inquired about had been left a considerable fortune, and was in daily expectation of a greater one, when the fact was that he had been duped himself to the extent of two thousand pounds, by the artful show of appearances and false representations of the person referred to—was not sufficient to show an intentional design, on his part, to deceive the plaintiff; that his assumption of knowledge, under the circumstances, was rather his undiscriminating mode of asserting his strong conviction and belief, and not such an act of fraud or deceit as would subject him to an action for damages. It is a very different case from this. The judgment should be affirmed.